GENERAL MOTORS CORPORATION v DEPARTMENT OF
NATURAL RESOURCES

Docket No. 120389. Submitted January 17, 1991, at Lansing. Decided
    May 7, 1991, at 9:25 A.M.

General Motors Corporation filed a claim of appeal in the Ingham
    Circuit Court from a denial by the Department of Natural
    Resources of its petition for a contested case hearing pursuant
    to § 92 of the Administrative Procedures Act, MCL 24.292;
    MSA 3.560(192), regarding its closure plan for an interim status
    hazardous waste storage facility. The court, Carolyn Stell, J.,
    granted the DNR's motion to dismiss for lack of subject-matter
    jurisdiction. General Motors appealed.
    The Court of Appeals *held:*
    The facility's interim status is not the equivalent of a license.
    Therefore, General Motors is not entitled to a contested case
    hearing under § 92 because § 92 applies only to licensees.
    Affirmed.

ADMINISTRATIVE LAW — CONTESTED CASE HEARINGS — INTERIM STA-
    TUS HAZARDOUS WASTE STORAGE FACILITIES.
    Pursuant to federal regulation, all interim status hazardous
    waste storage facilities must have a permit to operate or close
    by November 8, 1992; the interim status of a hazardous waste
    storage facility is not tantamount to a license to operate;
    therefore, a facility with interim status is not entitled to a
    contested case hearing under the provision of the Administra-
    tive Procedures Act applicable to licensees (42 USC 6901 *et
    seq.*; MCL 24.292; MSA 3.560[192]).

*Dykema Gossett* (by *David L. Tripp* and *John B.
Curcio*), and *Michael G. Cooke,* for the petitioner.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, and *Stewart H. Freeman*

REFERENCES

Am Jur 2d, Administrative Law §§ 341, 367.
See the Index to Annotations under Administrative Law.

and *Steven E. Chester,* Assistant Attorneys General, for the respondent.

Before: NEFF, P.J., and SHEPHERD and McDON-ALD, JJ.

PER CURIAM. Petitioner appeals as of right from an order of the circuit court dismissing its claim of appeal. We affirm.

I

Petitioner operates a hazardous waste storage facility which is classified as "an interim status facility." Pursuant to federal regulation, all interim status hazardous waste facilities must have a permit or close by November 8, 1992. Respondent requested that petitioner submit either an application for issuance of a permit or a closure plan for its hazardous waste storage area. In lieu of submitting an application for issuance of a permit, petitioner submitted a closure plan to respondent.

Respondent thereafter notified petitioner that its closure plan did not meet federal and state regulations. Petitioner submitted a revised closure plan. The director of the Department of Natural Resources thereafter sent a letter to petitioner indicating that the revised closure plan, as modified, met state and federal requirements and was approved.

Petitioner later filed with respondent a petition for a contested case hearing. Respondent requested advice from the Attorney General's office regarding whether petitioner was entitled to a contested case hearing. On the basis of an assistant attorney general's recommendation, respondent's acting director sent a letter to petitioner denying its petition for a contested case hearing.

Petitioner filed a claim of appeal in the circuit court. The circuit court dismissed the case for lack of subject-matter jurisdiction, and petitioner's motion for reconsideration was denied.

II

Petitioner contends that the trial court erred in dismissing its claim because it was entitled to a contested case hearing. Respondent contends that the only avenue for review for petitioner was under § 631 of the Revised Judicature Act, MCL 600.631; MSA 27A.631, because the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.*, was inapplicable. Respondent further argues that petitioner is not entitled to a contested case hearing under the APA and that the trial court properly dismissed the appeal for lack of subject-matter jurisdiction.

Petitioner contends that its operation of an interim status hazardous waste storage facility and its subsequent submission of a closure plan were sufficient to establish that the facility was operating under a permit or license. Petitioner claims that respondent's approval of its closure plan with stipulations constituted a modification of a permit or license for purposes of the APA and entitled petitioner to a contested case hearing. Respondent contends that the facility's interim status is not the equivalent of a permit or license, but is merely a statutorily conferred grandfather provision which allows treatment, storage, or disposal facilities to continue operation until permits are issued.

Petitioner contends that, pursuant to § 92 of the APA, MCL 24.292; MSA 3.560(192), it is entitled to a contested case hearing. However, § 92 of the APA applies only to licensees, i.e., those already possessing a license. The issue to be resolved therefore is

whether interim status is tantamount to a license for purposes of § 92.

There is no Michigan case law on the issue whether interim status is equivalent to a license. However, federal cases interpreting the Resource Conservation and Recovery Act, 42 USC 6901 *et seq.*, have specifically held that interim status is not equivalent to a permit. *Vineland Chemical Co, Inc v United States Environmental Protection Agency,* 810 F2d 402, 406 (CA 3, 1987); *Sanders Lead Co, Inc v Thomas,* 813 F2d 1190 (CA 11, 1987); *Northside Sanitary Landfill, Inc v Thomas,* 804 F2d 371, 384 (CA 7, 1986); *Hempstead Co & Nevada Co Project v United States Environmental Protection Agency,* 700 F2d 459, 462 (CA 8, 1983). We find the reasoning employed in these cases persuasive and are unconvinced that petitioner's interim status was tantamount to a license. Interim status is merely a statutorily conferred grandfather provision which allows a facility to continue operations until a permit is issued. *Id.,* p 461. Because petitioner's interim status did not constitute a license, petitioner is not entitled to a contested case hearing under § 92 of the APA.

In light of our finding that petitioner was not entitled to a contested case hearing, we need not address petitioner's remaining issues, one of which was specifically withdrawn by petitioner.

Affirmed.